993 F.2d 1548
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Willie HARMON, Defendant-Appellant.
 No. 92-5858.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1993.
 
 Before NORRIS and SILER, Circuit Judges, and HOOD, District Judge.*
 PER CURIAM.
 
 
 1
 Defendant Willie Harmon appeals his conviction of one count of attempting to possess with the intent to distribute a Schedule II controlled substance, cocaine base, in violation of Title 21, United States Code, Section 846.
 
 I. Facts
 
 2
 On October 2, 1990, the appellant, Willie Harmon [Harmon], a Deputy Jailer for Shelby County, delivered 3.3 grams of sham crack cocaine to Theodore Carr [Carr], an inmate in the Shelby County Jail. In return, Harmon received $50.00 from Carr and $50.00 from Carr's wife, Estella Carr, who gave Harmon the package. Harmon was subsequently convicted for attempting to possess with the intent to distribute cocaine. At Harmon's trial, Carr testified against him. He was cooperating in an investigation by the Shelby County Sheriff's Department into the activities of some of the Shelby County deputy jailers in exchange for assistance with drug charges pending against him at the state level.
 
 
 3
 During cross-examination of Carr, Harmon attempted to ask him about gainful employment between 1982 and 1989, as well as the source of his income during that period. The district court sustained a government objection for relevancy, stating that the information did not go to the credibility of the witness. The district court again sustained the government's relevancy objection when Harmon asked Carr whether Carr was familiar with the television program, America's Most Wanted. Carr had appeared as a wanted person on the program, and had watched that episode of himself.
 
 II. Alleged Confrontation Clause Error
 
 4
 Harmon asserts that the district court violated his Sixth Amendment right to confront his accuser when it refused to allow him to solicit Carr's employment history and connection with America's Most Wanted. Harmon believes that this information was relevant to show bias and a lack of credibility on the part of Carr.
 
 
 5
 Challenges to evidentiary rulings of the trial court concerning relevancy are reviewed for abuse of discretion. Dorsey v. Parke, 872 F.2d 163, 166 (6th Cir.), cert. denied, 493 U.S. 831 (1989); United States v. Rios, 842 F.2d 868, 872 (6th Cir.1988), cert. denied, 488 U.S. 1031 (1989). Moreover, "trial judges retain wide latitude insofar as the Confrontation Clause is concerned to impose reasonable limits on ... cross-examination based on concerns about ... interrogation that is repetitive or only marginally relevant." Delaware v. Van Arsdall, 475 U.S. 673, 679 (1986).
 
 
 6
 In this case, Harmon had extensive leeway in establishing Carr's bias. Although not permitted to inquire about Carr's employment between 1982 and 1989 and Carr's familiarity with America's Most Wanted, Harmon did elicit the number and nature of the charges against Carr that were dropped by the state authorities, as well as the cash, furniture and clothing that he received for his cooperation. Additionally, Carr testified about his lengthy involvement with drugs, both as a user and a dealer, and his previous drug-related felony convictions. "Since the defendant was permitted to fully explore [Carr's] potential bias and truthfulness, no further testimony was required and the trial judge did not abuse [her] discretion in limiting cross-examination." United States v. Brown, 946 F.2d 1191, 1196 (6th Cir.1991). Further such cross-examination would have been repetitive at best, and certainly only marginally relevant. Accordingly, we find that no violation of the Sixth Amendment occurred.
 
 III. Conclusion
 
 7
 For the foregoing reason, the defendant's conviction is AFFIRMED.
 
 
 
 *
 The Honorable Joseph M. Hood, United States District Judge for the Eastern District of Kentucky, sitting by designation